246 F.2d 443
 Edgar Allen WEST, Appellant,
v.
UNITED STATES of America, United States Department of
Commerce, Maritime Administration, Respondents,
and Atlantic Port Contractors, Inc.,
Impleaded Respondents.
 No. 12079.
 United States Court of Appeals. Third Circuit.
 Argued June 17, 1957.
Decided July 25, 1957.
 
 Abraham E. Freedman, Philadelphia, Pa. (Joseph Weiner, Freedman, Landy & Lorry, Philadelphia, on the brief), for appellant.
 Carl C. Davis, Washington, D.C. (George Cochran Doub, Asst. Atty. Gen., G. Clinton Fogwell, Jr., U.S. Atty., West Chester, Pa., Leavenworth Colby, George Jaffin, Attys., Dept. of Justice, Washington, D.C., on the brief), for respondents.
 Thomson F. Edwards, Philadelphia, Pa. (John B. Hannum, 3rd, Philadelphia, Pa., on the brief), for impleaded respondents.
 Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.
 GOODRICH, Circuit Judge.
 
 
 1
 Edgar Allen West instituted an action to recover against the United States for injuries sustained on November 21, 1951, on board the S. S. Mary Austin owned by the respondent, United States. West was employed by Atlantic Port Contractors, Inc. This firm was engaged to rehabilitate and recondition the Mary Austin, a liberty ship, which had been part of the 'mothball fleet' of deactivated vessels. The ship was towed to Philadelphia and work was in progress on the various jobs of repair at the time West was injured.
 
 
 2
 The injuries were sustained while West was working inside the low pressure cylinder of the main engine of the ship. He received a blow on the knee from a falling pipe plug.
 
 
 3
 Most of the legal questions in the case were thoroughly considered in an opinion written by the learned trial judge which appears in D.C.E.D.Pa.1956, 143 F.Supp. 473. They include the question whether this ship was sufficiently in navigation so that the maritime law rules apply. They include also the question of whether a man engaged in doing a rehabilitation job on a vessel can recover for injuries sustained by reason of a defect which the rehabilitation presumably would have remedied.
 
 
 4
 In spite of the interesting questions thus presented we are unable to review the answers given. The reason is that we do not know the cause of this accident. In finding of fact number 8 this questions is dealt with. The best way to present what is troubling us is to quote from this finding.
 
 
 5
 'At the time (of the accident) libellant believed that the plug, which weighed about a quarter of a pound, had been dropped by one of his fellow workers while working above him in the engine room and, although he now denies it, the Court believes that at the time he accused a number of persons of having dropped the plug. The record fails to establish that any group or individual was working above libellant at the time. Although the plug was not produced at the time of trial and the explanation of its absence is not satisfactory (libellant merely claimed he could not find it), the record leaves no doubt that a plug did strike the libellant's left knee and that (1) it either fell from one of the pipes or tanks above the low pressure cylinder in which libellant was working, or (2) was dropped by an Atlantic workman. The presence of a small quantify of water on the engine room floor immediately after the acident would indicate the probability of the first conjecture.' 143 F.Supp. at page 476.
 
 
 6
 If the plug was accidently dropped by a fellow workman of Atlantic, that presents one set of problems. If the fellow workman intentionally dropped it then we have the question involved, perhaps, in Boudoin v. Lykes Bros. S.S. Co., 1955, 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354. On the other hand, if the plug fell out of the pipe we meet the question of possible unseaworthiness and then the question of whether liability for unseaworthiness would be applicable in this case. But we cannot get into such questions on a finding which merely indicates the probability of the first conjecture which term is defined in the dictionary as an 'inference from defective or presumptive evidence.'
 
 
 7
 Much as we regret adding to the burden of an already overworked judge, we shall have to send the case back for more precise findings. Cf. Poignant v. United States, 2 Cir., 1955, 225 F.2d 595; Dixon v. United States, 2 Cir., 1955, 219 F.2d 10. Of course, they cannot be based on absolute certainty; few things in life are. But the problem of coming to a conclusion here is no harder than the problem which a jury has and if a libellant cannot make out on the facts a case on which recovery can be granted, necessarily the legal problems disappear.
 
 
 8
 The judgment of the district court is vacated and the case remanded for further proceedings in accordance with this opinion.